# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# SOUTHWESTERN DIVISION

| | | |
|---|---|---|
| MIRANDA BUHLIG, et al., | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | Case No. 22-cv-05064-SRB |
| WALGREEN CO., et al., | ) ) ) | |
| Defendants. | ) | |

## ORDER

Before the Court is Plaintiffs' Motion to Remand. (Doc. #7.) As set forth below, the motion is GRANTED. This case is hereby remanded to the Circuit Court of Stone County, Missouri. The Clerk of the Court is directed to mail a certified copy of this Order to the Clerk of the Circuit Court of Stone County, Missouri, as required by 28 U.S.C. § 1447(c).

## I. FACTUAL BACKGROUND

This is a personal injury case arising from Defendants Walgreen Co. ("Walgreen"), Alyssa Wolf, and Cynthia Bourbon's (collectively, "Defendants") alleged unlawful injection of an unknown substance into the body of Plaintiff K.T., son of Plaintiff Miranda Buhlig (collectively, "Plaintiffs"). Plaintiffs allege that Defendants were required by law to obtain parental consent before injecting or otherwise vaccinating K.T. because he is a minor.

On July 27, 2022, Plaintiffs filed suit against Defendants in the Circuit Court of Stone County. (Doc. #1-1.) Plaintiffs allege the following causes of action: (I) breach of contract; (II) corporate negligence; (III) respondeat superior negligent supervision; (IV) invasion of privacy by intrusion; (V) battery; (VI) negligence; (VII) violation of the Missouri Merchandising Practices Act, Mo. Rev. Stat. § 401.010, *et seq*; (VIII) negligence or failure to supervise; and (IX) negligence or failure to supervise against "Prescribing Physician." (Doc. #1-1, p. 20.)

On September 1, 2022, Defendants removed the instant case to this Court, stating that this Court has federal question jurisdiction over this action under 28 U.S.C. § 1441(c) because Plaintiff's state law claims are preempted by the Public Readiness and Emergency Preparedness Act ("PREP Act"), 42 U.S.C. § 247d-6d. On September 2, 2022, Plaintiffs filed the instant motion to remand. Defendants oppose the motion. The parties' arguments are addressed below.

## II. LEGAL STANDARD

"Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute[.]" *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). "Removal of civil actions from state court to federal court is authorized by 28 U.S.C. § 1441(a)." *Mensah v. Owners Ins. Co.*, 951 F.3d 941, 942 (8th Cir. 2020). "An action may be removed to federal court only if the action could have been originally filed in federal district court." *Id.* (citations omitted). Jurisdiction based on a federal question exists if the case includes "a claim arising under the Constitution, laws, or treaties of the United States[.]" 28 U.S.C. § 1441(c)(1)(A). A case is only properly removed based on federal question jurisdiction if "a well-pleaded complaint establishes that either federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Franchise Tax Bd. of Cal. v. Constr. Laborers Vacation Trust for S. Cal.*, 463 U.S. 1, 27–28 (1983). However, "[o]nce an area of state law has been completely preempted, any claim based on that preempted state law claim is considered . . . to raise a federal claim and therefore arises under federal law." *Peters v. Union Pac. Ry. Co.*, 80 F.3d 257, 260 (8th Cir. 1996).

## III. DISCUSSION

Plaintiffs argue that a remand is necessary because no federal question arises from Plaintiffs' petition and "the affirmative defense of the PREP Act does not present a federal question." (Doc. #7, p. 1.) Defendants disagree, arguing that "[P]laintiffs' argument that they

2

raise only state law claims is entirely immaterial, as the immunity of the PREP Act equally applies to state law claims." (Doc. #8, p. 11.)

"Federal pre-emption is ordinarily a federal defense to the plaintiff's suit." *Metro. Life Ins. Co. v. Taylor*, 481 U.S. 48, 63 (1987). "One corollary of the well-pleaded complaint rule developed in the case law, however, is that Congress may so completely pre-empt a particular area that any civil complaint raising this select group of claims if necessarily federal in character." *Id.* at 63–64. Courts "examine the text and structure of a statute to determine" whether Congress intended "to preempt an area of state law." *Peters*, 80 F.3d at 261.

Here, the Court finds that the PREP Act does not establish complete preemption. "While the Eighth Circuit has not considered whether the PREP Act is a complete preemption statute, most courts that have addressed the issue have found that it is not." *Yarnell v. Clinton No. 1, Inc.*, No. 4:21-CV-00702, 2022 WL 1716244 (W.D. Mo. Mar. 16, 2022) (collecting cases) (noting that "[o]nly three statutes have been recognized to carry complete preemptive power"); *see Maglioli v. Alliance HC Holdings LLC*, 16 F.4th 393, 402 (3rd Cir. 2021) ("Nearly every federal district court to confront these cases has dismissed for lack of jurisdiction and remanded to the state court."). "[T]he language of the [PREP] Act does not explicitly state that the Act is a complete preemption statute[.]" *Id.* "Given the rarity of complete preemption statutes, the lack of clarity on the point in the statute itself, and the overwhelming majority of district courts to date finding an absence of explicitly Congressional intent for complete preemption," the Court declines to find that the PREP Act establishes complete preemption such that it poses a federal question. *Id.*

Defendants also argue that remand is improper because Plaintiffs' petition, if it had been well-pleaded, raises issues implicating the PREP Act. The Court rejects this argument. Given

3

that the PREP Act does not establish complete preemption, it is raised as a federal defense. *See Metro. Life*, 481 U.S. at 63. "As a defense it does not appear on the face of a well-pleaded complaint, and, therefore does not authorize removal to federal court." *Metro. Life*, 481 U.S. at 63. As Plaintiffs' petition does not raise a federal question, the Court finds remand is proper.

Finally, Plaintiffs request $2,400 in attorney's fees. "An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c). "Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal. Conversely, when an objectively reasonable basis exists, fees should be denied." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005) (citations omitted). Here, the Court finds that Defendants had an objectively reasonable basis to seek removal because the Eighth Circuit has yet to rule on whether the PREP Act constitutes complete preemption. Therefore, Plaintiff's request for attorney's fees is rejected.

## III. CONCLUSION

For the foregoing reasons, Plaintiffs' Motion to Remand (Doc. #7) is GRANTED. This case is hereby remanded to the Circuit Court of Stone County, Missouri. All other pending motions are DENIED WITHOUT PREJUDICE, and are subject to refilling in state court upon remand.

**IT IS SO ORDERED.**

/s/ Stephen R. Bough
STEPHEN R. BOUGH
UNITED STATES DISTRICT JUDGE

Dated: September 20, 2022